FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY THOMPSON,
and
JUDITH THOMPSON,

           Plaintiffs,   6-10-cv-979-ORL-35 GJK

Vs.

SCOTT MOSTERT, a City of Melbourne
Police Officer, in his individual capacity;
RACHANEE SMOAK, a City of Melbourne
Police Officer, in his individual capacity;

           Defendants         /

DOCKET No.
DIVISION:

CIVIL ACTION

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, LARRY THOMPSON, and JUDITH THOMPSON residing at 3200 Country Club Road, Melbourne, Florida, at all times relevant hereto and allege:

### JURISDICTION AND VENUE

1. This is an action arising pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the Florida Constitution.

2. This is a claim in excess of $15,000.

3. Venue is proper in the Middle District of Florida as the cause of action arose in Brevard County, Florida.

### PARTIES

4. At all times relevant hereto, Plaintiffs LARRY THOMPSON, and JUDITH THOMPSON residing at 3200 Country Club Road, Melbourne, Florida,

5. At all times relevant herto, Defendant, MOSTERT, was sworn police Officer of the City of Melbourne Police Department, a subdivision of the City of Melbourne, a municipal corporation, acting under color of law and was an agent, servant, employee of the Chief of Police of the City of Melbourne Police Department, acting within the scope of his employment.

6. At all times relevant herto, Defendant, SMOAK, was sworn police Officer of the City of Melbourne Police Department, a subdivision of the City of Melbourne, a municipal corporation, acting under color of law and was an agent, servant, employee of the Chief of Police of the City of Melbourne Police Department, acting within the scope of his employment.

7. At all times relevant hereto the City of Melbourne Police Department, was a governmental agency organized and existing under the laws of The State of Florida with its principle place of business located at 650 N. Apollo Road, Melbourne, Florida, 32935, and the employer of the Defendants MOSTERT and SMOAK.

## ALLEGATIONS

8. Plaintiffs, LARRY THOMPSON, and JUDITH THOMPSON, readopts and re-alleges paragraph 1-7 above in its entirety and makes the same a part hereof by reference thereto.

9. On June 30, 2006, Plaintiff LARRY THOMPSON was arrested by Melbourne Police Officers for two (2) counts of resisting arrest without violence.

10. At the same time, Plaintiff JUDITH THOMPSON, was arrested for one (1) count of resisting arrest without violence.

10. At the time, Defendants had arrived on Plaintiff's property to arrest/detain the son of Plaintiffs, Jordan Thompson.

11. At no time did the Plaintiffs touch or strike the officers, or indicate that either of them was going to touch or strike the officers against their will.

12. At no time where the Defendants in any danger of being struck by Plaintiffs at any time.

13. When Plaintiff LARRY THOMPSON tried to question the officers as to the reason why his son was being arrested, Defendant SMOAK grabbed Plaintiff LARRY THOMSPON'S arm in order to restrain him.

14. At the same time, Defendant MOSTERT conducted a "leg sweep" on Plaintiff LARRY THOMPSON, dropping him roughly to the ground.

15. Defendant MOSTERT then straddled Plaintiff LARRY THOMPSON'S back and deployed his M26 TASER device several times into LARRY THOMPSON'S back, causing him severe pain and discomfort. Both Defendants SMOAK and MOSTERT then placed Plaintiff LARRY THOMPSON under arrest for resisting arrest without violence.

16. During the take-down and arrest, Plaintiff LARRY THOMPSON injured his wrist and hand.

17. During the arrest of LARRY THOMPSON, Plaintiff JUDITH THOMPSON, who was present, voiced her displeasure of the treatment of LARRY THOMPSON, but did not threaten, touch, strike, or threaten to touch or strike either Defendant at any time.

18.  Plaintiff JUDITH THOMPSON was placed under arrest for resisting arrest without violence.

## COUNT I FALSE IMPRISONMENT AND DETENTION
## (PLAINTIFF LARRY THOMPSON)

19.  Plaintiff, LARRY THOMPSON, readopts and re-alleges paragraph 1-18 above in its entirety and makes the same a part hereof by reference thereto.

20.  On June 30, 2006, Defendants MOSTERT and SMOAK, deprived Plaintiff of his freedom and liberty by restraining him and his movements without probable cause or reasonable suspicion.

21.  The restraint of Plaintiff was caused by Defendants, MOSTERT and SMOAK, and was unlawful.

22.  As a direct and proximate cause of the actions of Defendants MOSTERT and SMOAK, Plaintiff was illegally detained.

23.  Plaintiff has suffered damages that include physical inconvenience, physical discomfort, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his reputation, the emotional aspects of which are continuing to this day and are likely to continue in the future.

24.  The actions of Defendants MOSTERT and SMOAK were done in bad faith, with malice, and in reckless disregard for the rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LARRY THOMPSON requests Judgment against Defendants, SCOTT MOSTERT and RACHANEE SMOAK for:

   a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

  b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

  c. Trial by jury on all issues so triable,

  d. Such other relief as the Court mat deem just, proper and equitable.

## COUNT II FALSE IMPRISONMENT AND DETENTION
## (PLAINTIFF JUDITH THOMPSON)

25. Plaintiff, JUDITH THOMPSON, readopts and re-alleges paragraph 1-18 above in its entirety and makes the same a part hereof by reference thereto.

26. On June 30, 2006, Defendants MOSTERT and SMOAK, deprived Plaintiff of his freedom and liberty by restraining him and his movements without probable cause or reasonable suspicion.

27. The restraint of Plaintiff was caused by Defendants, MOSTERT and SMOAK, and was unlawful.

28. As a direct and proximate cause of the actions of Defendants MOSTERT and SMOAK, Plaintiff was illegally detained.

29. Plaintiff has suffered damages that include physical inconvenience, physical discomfort, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his reputation, the emotional aspects of which are continuing to this day and are likely to continue in the future.

30. The actions of Defendants MOSTERT and SMOAK were done in bad faith, with malice, and in reckless disregard for the rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JUDITH THOMPSON requests Judgment against Defendants, SCOTT MOSTERT and RACHANEE SMOAK for:

  a. Compensatory damages for the past and future pain and suffering,

and past and future humiliation, emotional and embarrassment,

  b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

  c. Trial by jury on all issues so triable,

  e. Such other relief as the Court mat deem just, proper and equitable.

### COUNT III 42 U.S.C. 1983 VIOLATION OF CIVIL RIGHTS (PLAINTIFF LARRY THOMPSON) (DEFENDANT SCOTT MOSTERT)

31. Plaintiff, LARRY THOMPSON, readopts and re-alleges paragraph 1-19 above in its entirety and makes the same a part hereof by reference thereto.

32. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

33. On or about June 30, 2006, Defendants MOSTERT, acting under color of law as an employee and agent of The City of Melbourne Police Department, deprived Plaintiff of his rights under the United States Constitution, in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally battered, restrained, handcuffed, and searched Plaintiff's person and property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant MOSTERT had no legal right to detain or touch Plaintiff, and had no lawful reason allow Plaintiff's face to scrape against the concrete covered ground causing him pain and injury. Defendant's violent restraining techniques constituted excessive force, and cannot be accepted in civilized society.

34. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

35. Defendant MOSTERT knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

36. As a direct result of Defendant MOSTERT'S actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to his reputation, and all other damages associated with Plaintiff's search and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, LARRY THOMPSON requests Judgment against Defendant, SCOTT MOSTERT for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

c. Trial by jury on all issues so triable,

d. Such other relief as the Court mat deem just, proper and equitable.

## COUNT IV 42 U.S.C. 1983 VIOLATION OF CIVIL RIGHTS
## (PLAINTIFF JUDITH THOMPSON)
## (DEFENDANT SCOTT MOSTERT)

37. Plaintiff, JUDITH THOMPSON, readopts and re-alleges paragraph 1-19 above in its entirety and makes the same a part hereof by reference thereto.

38. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

39. On or about June 30, 2006, Defendants MOSTERT, acting under color of law as an employee and agent of The City of Melbourne Police Department, deprived Plaintiff of his rights under the United States Constitution, in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally battered, restrained, handcuffed, and searched Plaintiff's person and property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant MOSTERT had no legal right to detain or touch Plaintiff, and had no lawful reason allow Plaintiff's face to scrape against the concrete covered ground causing him pain and injury. Defendant's violent restraining techniques constituted excessive force, and cannot be accepted in civilized society.

40. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

41. Defendant MOSTERT knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

42. As a direct result of Defendant MOSTERT'S actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to his reputation, and all other damages associated with Plaintiff's search and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, JUDITH THOMPSON requests Judgment against Defendant, SCOTT MOSTERT for:

   a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

   b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

   c. Trial by jury on all issues so triable,

   d. Such other relief as the Court mat deem just, proper and equitable.

### COUNT V 42 U.S.C. 1983 VIOLATION OF CIVIL RIGHTS
### (PLAINTIFF LARRY THOMPSON)
### (DEFENDANT RACHANEE SMOAK)

43. Plaintiff, LARRY THOMPSON, readopts and re-alleges paragraph 1-19 above in its entirety and makes the same a part hereof by reference thereto.

44. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

45. On or about June 30, 2006, Defendants SMOAK, acting under color of law as an employee and agent of The City of Melbourne Police Department, deprived Plaintiff of his rights under the United States Constitution, in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally battered, restrained, handcuffed, and searched Plaintiff's person and property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant SMOAK had no legal right to detain or touch Plaintiff, and had no lawful reason allow Plaintiff's face to scrape against the concrete covered ground causing him pain and injury. Defendant's violent restraining techniques constituted excessive force, and cannot be accepted in civilized society.

46. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

47. Defendant SMOAK knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

48. As a direct result of Defendant SMOAK'S actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to his reputation, and all other damages associated with Plaintiff's search and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, LARRY THOMPSON requests Judgment against Defendant, RACHANEE SMOAK for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

c. Trial by jury on all issues so triable,

d. Such other relief as the Court mat deem just, proper and equitable.

## **COUNT VI 42 U.S.C. 1983 VIOLATION OF CIVIL RIGHTS (PLAINTIFF JUDITH THOMPSON) (DEFENDANTRACHANEE SMOAK)**

49. Plaintiff, JUDITH THOMPSON, readopts and re-alleges paragraph 1-19 above in its entirety

and makes the same a part hereof by reference thereto.

50. Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of his person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

51. On or about June 30, 2006, Defendants SMOAK, acting under color of law as an employee and agent of The City of Melbourne Police Department, deprived Plaintiff of her rights under the United States Constitution, in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally battered, restrained, handcuffed, and searched Plaintiff's person and

property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant SMOAK had no legal right to detain or touch Plaintiff, and had no lawful reason allow Plaintiff's face to scrape against the concrete covered ground causing her pain and injury. Defendant's violent restraining techniques constituted excessive force, and cannot be accepted in civilized society.

52. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

53. Defendant SMOAK knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

54. As a direct result of Defendant SMOAK'S actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to his reputation, and all other damages associated with Plaintiff's search and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, JUDITH THOMPSON requests Judgment against Defendant, RACHANEE SMOAK for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

c. Trial by jury on all issues so triable,

d. Such other relief as the Court mat deem just, proper and equitable.

Dated, this 28th Day of June, 2010.

By: _____
THOMAS B. LUKA, ESQ.
Thomas B. Luka, PA
Florida Bar No. 187770
390 N. Orange Avenue, Suite 1630
Melbourne, Florida 32801
(407) 895-8887
Fax (407) 895-3928